**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON**

| | | |
|---|---|---|
| **JAIRUS KIPELIO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO. 5:26-cv-00172-KKC** |
| **v.** | ) | |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, Defendant, The Lincoln National Life Insurance Company ("Lincoln"), files this Motion to Dismiss Plaintiff's Complaint and Brief in Support.

## I.
## GROUNDS FOR MOTION

In the Plaintiff's Complaint (hereafter, "Complaint"), Plaintiff, Jairus Kipelio ("Kipelio"), seeks recovery of disability benefits and requests declaratory relief.[1] These causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA"), as a matter of law.[2] Accordingly, the allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true,[3] are insufficient to support the relief requested.

1 *See* Complaint, ¶ 1 and the WHEREFORE paragraph.

2 Lincoln does not oppose the Court allowing Plaintiff to file an amended complaint that asserts a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) and removes the state law causes of action.

3 For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true. However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this Motion and Brief or by any statement contained therein.

## II.
## SUMMARY OF THE ARGUMENT

Kipelio instituted this action by filing his Complaint on or about April 23, 2026, in the Circuit Court of Madison County, Kentucky, Case No. 26-CI-00419. Lincoln removed the case to this Court by Notice of Removal filed May 11, 2026. Lincoln grounded removal upon the Court's federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1141.

Federal question jurisdiction arises in this matter because the Complaint asserts a state law claim that is preempted by ERISA. The Complaint seeks relief on the basis of benefits allegedly due under a long-term disability contract. (Complaint ¶ 1) Lincoln issued the Group Disability Income Policy (the "Policy") that insured benefits pursuant to the Hitachi Astemo Americas, Inc. Long Term Disability Plan (the "Plan"), which provides long term disability benefits to employees of Hitachi Astemo Americas, Inc. ("Hitachi"). Kipelio was an employee of Hitachi. Copies of the Policy and Summary Plan Description ("SPD") for the Plan are attached hereto as Exhibits A and B.[4] The Plan, for which the Policy insures benefits therefrom, is an employee welfare benefit plan as defined ERISA. In his Complaint, Kipelio seeks a declaration that "he is entitled to monthly LTD benefits past, present, and future." (Complaint at the WHEREFORE paragraph) However, based on the face of the Complaint, this state law cause of action is preempted by ERISA, as a matter of law, and the Complaint must be dismissed. Further, the only conduct of Lincoln about which Kipelio complains in the Complaint is Lincoln's termination of his benefits. (Complaint ¶ 1) Accordingly, the allegations pled in the

[4] See Section III.A., below.

Complaint in support of Plaintiff's claims, even if taken as true,[5] are insufficient to support the relief requested.

## III.
## ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a Complaint for failure to state a claim upon which relief can be granted.[6] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[7] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[8] As demonstrated below, the Complaint fails to meet these requirements and must be dismissed in its entirety.

Plaintiff's Complaint directly refers to the disability benefits plan documents, including the relevant policy by policy number, that govern the claim for disability benefits. True and correct copies of the Policy (Exhibit A) and the SPD/Certificate of Coverage (Exhibit B) pertaining to the Plan sponsored by Kipelio's employer, Hitachi, are attached hereto and incorporated herein by reference. Although Plaintiff did not attach these documents to the Complaint, numerous references are made in the Complaint to the Policy and the Plan.[9] Additionally, Plaintiff's claims are clearly predicated on the Policy and the Plan. It is well-

[5] For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true. However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this Motion and Brief or by any statement contained therein.

[6] Fed. R. Civ. P. 12(b)(6).

[7] "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365 (6th Cir. 2011) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

[9] *See* Complaint at ¶¶ 1, 2, 5-12, and 22.

established that under such circumstances, a defendant may attach these documents to a motion to dismiss, and the Court may properly consider the documents in ruling on the Motion to Dismiss without conversion to summary judgment under Rule 56. *Weiner v. Klais and Co.*, 108 F.3d 86 (6th Cir. 1997).

### B. PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. *Klaiss v. Steel Tool & Eng'g Co*., Civil Case No. 18-12053, 2019 U.S. Dist. LEXIS 144424 at 13-14 (E.D. Mich. Aug. 26, 2019). (copy attached) See also, *Olsen v. General Dynamics Corp.*, 960 F.2d 1418, 1423 (9th Cir. 1991); *Cannon v. Group Health Serv. of Okla., Inc.*, 77 F.3d 1270, 1274 (10th Cir. 1996). ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. *FMC Corp. v. Holliday*, 49 U.S. 52, 58 (1990).

It is evident from the Plaintiff's Complaint and from the Policy and the SPD that the Plan is an ERISA plan.[10] Plaintiff seeks benefits from the Policy, which was issued to Hitachi to insure benefits from the Plan, which is governed by ERISA. Further, the only conduct of Lincoln about which Kipelio complains in the Complaint is Lincoln's termination of his claim for long-term disability ("LTD") benefits from the Plan under the Policy and the administration

[10] *See* Complaint at ¶¶ 1, 2, 5, 7, and 8; Plan Documents, Exhibits "A" and "B"; Plaintiff's allegations in the Complaint and the Policy clearly establish that the life benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ." 29 U.S.C. § 1002(1); *Memorial Hosp. Sys. V. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990).

of his claim for LTD benefits under the Plan.[11] Therefore, it is clear that the Court must refer to the relevant plan documents (the Policy and the SPD) in assessing Plaintiff's state law causes of action. Thus, Plaintiff's causes of action directly "relate to" the Plan and are preempted. *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir.), cert. denied, 488 U.S. 826, 102 L. Ed. 2d 52, 109 S. Ct. 76 (1988) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Sixth Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff. *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context); *See, e.g., Cromwell v. Equicor-Equitable HCA Corp.*, 944F.2d 1272, 1276 (6th Cir. 1991) (finding ERISA preempted promissory estoppel and breach of contract claims, as those were "at the very heart of issues within the scope of ERISA's exclusive regulation"); *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550 (6th Cir. 1987); *McLemore v. Regions Bank*, 682 F.3d 414, 426 (6th Cir. 2012) (finding ERISA preempted unjust enrichment claim); *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991) (holding ERISA preempted Ohio breach of contract claim); *Weiner v. Klais & Co.*, 108 F.3d 86, 92 (6th Cir. 1997) (finding ERISA preempts federal unjust enrichment claims).

Additionally, as reflected by the Complaint, Plaintiff's state law causes of action are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions

[11] *See* Complaint at ¶¶ 1, 12-15, 21, and 22.

governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co.,* 481 U.S. at 44. Accordingly, all of Plaintiff's state law causes of action in the Complaint are clearly preempted by ERISA, and this Motion to Dismiss should be granted.

## IV.
## CONCLUSION

Lincoln requests the Court dismiss Plaintiff's Complaint against it with prejudice, dismiss any claim for declaratory relief, award Lincoln its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and grant Lincoln any other relief to which it shows itself justly entitled.

Dated this 18th day of May 2026.

Respectfully submitted,

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

COUNSEL FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Daniel E. Moriarty
Email: danmoriarty@moriartylawoffice.com

| | |
|---|---|
| May 18, 2026 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |