THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON
*Electronically Filed*

| | | |
|---|---|---|
| **JAIRUS KIPPELIO,**<br><br>Plaintiff,<br><br>vs.<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 5:26-cv-00172-KKC |

## AMENDED COMPLAINT

1. The Plaintiff, Jairus Kipelio, brings this action against the Defendant, Lincoln National Life Insurance Company (hereinafter "Lincoln"), for terminating his Long-Term Disability (hereinafter "LTD") benefits. Mr. Kipelio was an employee of Hitachi Astemo Americas, Inc. and was a participant in a group disability insurance plan administered by Lincoln. This civil action is brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), specifically Section 502(a)(1)(B) thereof, 29 U.S.C. §1132(a)(1)(B), to recover benefits due to Plaintiff under the terms of Plaintiff's employee benefit plan, to enforce Plaintiff's rights under the plan, and to clarify Plaintiff's rights to future benefits under the terms of the plan.

## A. PARTIES

2. The Plaintiff, Jairus Kipelio, is a resident of Richmond, Madison County, Kentucky. Mr. Kipelio, at all times pertinent, was a beneficiary of a group disability insurance plan that was issued to his employer, Hitachi Astemo Americas, Inc.

3. The Defendant, Lincoln, is a corporation with its statutory home office located at 1300 S. Harrison Street, Fort Wayne, IN 46802-3425. Lincoln's Registered Agent is CT Corporation Systems. Lincoln is a for-profit corporation and does business in the Commonwealth of Kentucky deriving revenue from its business that it conducts in Kentucky.

## B. JURISDICTION AND VENUE

4. This civil action arises under the Employee Retirement Income Security Act of 1974 (ERISA), specifically Section 502(a)(1)(B) thereof, 29 U.S.C. §1132(a)(1)(B), to recover benefits due to Plaintiff under the terms of Plaintiff's employee benefit plan, to enforce Plaintiff's rights under the plan, and to clarify Plaintiff's rights to future benefits under the terms of the plan.
5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1131.
6. Venue is proper in the United States District Court for the Eastern District of Kentucky pursuant to 29 U.S.C. §1132(e)(2) because the employee benefit plan is administered in this district, the participant or beneficiary resides in this district, and/or the wrongful denial of benefits took place in this district.

## C. BACKGROUND

7. Mr. Kipelio was hired to work for Hitachi Astemo Americas, Inc. in Madison County, Kentucky. Through this employment, he became a beneficiary of an LTD insurance policy (Group Policy No. GF3-890-LF0110-01) issued to him in Madison County, Kentucky.

8. The policy's covered beneficiaries include Mr. Kipelio.

9. As a full-time employee, Mr. Kipelio became insured under the plan.

10. The policy provided for LTD benefits to cover the employees who meet all contractual provisions, including the definition of disability.

11. The terms of the group policy defining disability are:

**Disabled** or **Disability** means:

a. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the material and Substantial Duties of his Own Occupation; and

ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

12. In February 2022, Mr. Kipelio became unable to work due to injuries to his neck and lower back and began receiving STD benefits under the Plan.

13. The Administrative Record will show that Mr. Kipelio's medical evidence qualified him for STD benefits for the duration of the elimination period and the ensuing 24-month period. During these periods, Lincoln acknowledged that he was unable to perform the essential functions pertaining to his own occupation with or without a reasonable accommodation. After the 24-month period, he began drawing LTD benefits from Lincoln as they acknowledged he met the broader definition of disability under the Plan.

14. Mr. Kipelio received a letter dated September 19, 2025 from Lincoln, notifying him that he was no longer eligible for LTD benefits based upon their determination that he did not meet the definition of disability as defined in the Plan.

15. Mr. Kipelio appealed this denial of benefits by letter dated January 30, 2026. Included with the appeal letter was medical evidence from the following:

Dr. James Owen Report
Dr. Cassandra Kendrick Physical Restrictions

16. Lincoln, in a letter dated March 26, 2026, denied the appeal of its denial of LTD benefits which exhausted Mr. Kipelio's administrative remedies.

17. As a result of Lincoln's wrongful termination of LTD benefits, Mr. Kipelio has not received LTD benefits since September 16, 2025, despite compelling evidence demonstrating that he is physically and mentally unable to engage in any full-time employment.

18. Mr. Kipelio has met all conditions precedent to receive benefits under the Plan, but Lincoln has wrongfully refused to pay those benefits.

## D. PROOF OF DISABILITY SUBMITTED TO LINCOLN

19. Kipelio's disability began in February 2022 when he was no longer able to continue working.

20. Mr. Kipelio has provided extensive medical treatment records and reports that document the following health issues and injuries:

- Severe headaches
- Cervical pain with radiculopathy
- Gait impairment
- Lumbar pain with radiculopathy to the toes
- Sciatica

- Bilateral hand arthritis
- Severe depression
- Left leg weakness causing falls

21. Dr. Owens performed a disability examination of Mr. Kipelio on October 29, 2024 and reviewed his treatment records. He prepared a report that diagnoses cervical and lumbar motor neuropathy, depressive disorder, gout, insomnia, severe recurrent headaches with nausea, gait impairment, possible cerebrospinal fluid leak, and possible multiple sclerosis.

19. Dr. Owen's extensive physical examination documented his inability to lift/carry objects that weigh more than 10 pounds for longer than a few minutes, the length of time he can sit (30 minutes in an 8 hour day) stand (15 minutes in an 8 hour day) and walk (15 minutes in an 8 hour day), 3) use of hands (e.g. reaching, pulling, gripping, etc.), and his inability to balance, stoop, kneel, crawl, or crouch. Dr. Owen concluded that Mr. Kipelio was unable to reach, handle, finger, push and pull more than 1/3 of a workday with either hand. He further stated Mr. Kipelio would require the ability to lie down at will during an 8-hour workday and that he would need to be able to sit/stand/walk at will.

20. Dr. Kendrick, his treating PCP, completed a physical Restrictions Form provided by Lincoln dated August 22, 2025. The document notes that Dr. Kendrick has been his PCP for almost six years treating him for cervical radiculopathy and lumbar pain with sciatica. The doctor stated Mr. Kipelio cannot perform even at a sedentary level (writing "none" on what level he could perform at) Dr. Kendrick further noted that his low back pain radiates down the left leg to his toes with associated numbness, tingling and weakness all made worse with standing and walking.

21. Lincoln failed to consider and/or give appropriate weight to the finding by the U.S. Social Security Administration that Mr. Kipelio is permanently disabled from any gainful employment.

22. Lincoln abused its discretion under the Plan when it unreasonably denied Mr. Kipelio's appeal of the termination of his LTD benefits.

23. Plaintiff has met all conditions precedent to receive benefits under the Plan, but Defendant has wrongfully refused to pay those benefits.

## E. CLAIM FOR BENEFITS PURSUANT TO 29 U.S.C. §1132(a)(1)(B)

23. The Plan is an employee welfare benefit plan within the meaning of 29 U.S.C. 1002(1).

24. Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiff is entitled to bring a civil action to recover benefits due him under the terms of the Plan, to enforce his rights under the Plan, or to clarify his rights to future benefits under the terms of the Plan.

25. The Defendant's refusal to pay benefits to Plaintiff constitutes an arbitrary and capricious decision and a breach of the terms of the Plan.

26. As a direct and proximate result of the Defendant's wrongful denial of benefits, Plaintiff has suffered financial damages to date in the amount of $5,610.69 plus accrued interest.

**WHEREFORE**, the Plaintiff demands the following relief:

1. Declare that Defendant's denial of long-term disability benefits was arbitrary, capricious and a violation of the Plan;

2. For judgment in favor of the Plaintiff, awarding the wrongfully denied benefits due under the terms of the Plan, including legal interest on the past-due amount;
3. For reimbursement of all his costs associated with filing this complaint, including reasonable attorney fees pursuant to 29 U.S.C. §1132(g)(1);
4. For any and all other relief to which the Plaintiff may appear entitled under equity or law.

Respectfully Submitted,


/s/ Daniel E. Moriarty
DANIEL E. MORIARTY
**DANIEL E. MORIARTY, PLLC**
300 W. Vine Street, Suite 660
Lexington, Kentucky 40507
Phone: (859) 233-0705
Fax: (859) 233-0537
danmoriarty@moriartylawoffice.com


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading as electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented, in writing, to accept this Notice as service of this document by electronic means:

Iwana Rademaekers
Email: iwana@rademaekerslaw.com

| | |
|---|---|
| June 4, 2026 | /s/Daniel E. Moriarty |
| Date | Daniel E. Moriarty |