THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON
*Electronically Filed*

| | | |
|---|---|---|
| **JAIRUS KIPELIO,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:26-cv-00172-KKC |
| | ) | |
| vs. | ) | |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY** | ) | |
| | ) | |
| Defendant, | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW**

Comes the Plaintiff, Jairus Kippelio, by counsel, and hereby opposes the Defendant's Motion to Dismiss Plaintiff's Complaint. The Defendant filed a Motion to Dismiss Plaintiff's Complaint on the basis that it "seeks recovery of disability benefits and requests declaratory relief" and those causes of actions are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA"). (*See* Motion to Dismiss p. 1) The Plaintiff does not dispute that this action against the Defendant is brought pursuant to and is governed by ERISA.

1. **The Plaintiff's Complaint states an ERISA claim**

ERISA grants concurrent jurisdiction to both state and federal courts. 28 U.S.C. §1132(e)(1). This action, filed in Madison Circuit Court, named as the sole defendant The Lincoln

National Life Insurance Company. The Complaint unequivocally stated it was a claim for the wrongful cessation of long-term disability benefits under a group plan provided by the Plaintiff's employer. The Plaintiff did not request a jury trial, compensatory damages, or punitive damages as he would if he had filed a state law claim. Rather, his prayer for relief was for declaration of his rights under the Plan to past, present and future LTD benefits.

The Defendant filed a Notice of Removal of the action on the basis that "Plaintiff is seeking to recover disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from an employee benefit plan, in which he was a participant by virtue of his employment with Hitachi Astemo Americas, Inc. ("Hitachi"). The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). Additionally, benefits from the benefit plan at issue were insured by the Group Disability Income Policy numbered GF3-890-LF0110-01 (the "Policy") issued by Lincoln to Hitachi. Lincoln hereby submits that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331." (*See* Notice of Removal p. 2, paragraph 4).

The Defendant obviously recognized the action as an ERISA action and removed this case to Federal court on that basis. It is manifestly inconsistent to remove a case because it is an ERISA case and then ask the Court to dismiss the action because it is preempted by ERISA. "ERISA cannot be both the match which sparks a claim's fire and the bucket of water used to extinguish it." *Ackerman v. Fortis Benefits Ins. Co.* 254 F. Supp. 2d 792, 817 (S.D. Ohio 2003); See also *Bartholet v. Reishaver A.G.* 953 F.2d 1073, 1077-78 (7th Cir. 1992) (reversing district court's dismissal of state-law claims completely preempted by ERISA). "Indeed, as several Courts have observed, **a defendant cannot have it 'both ways'**, advocating first for removal because ERISA governs the claim and then arguing that an ERISA claim has not been stated, requiring it to be

dismissed because it is preempted by ERISA." (emphasis added) *Reisch-Elvin v. Provident Life Acc. Ins. Co.* 372 F. Supp. 2d 827, 831 (E.D. Vir. 2005) (Defendant's motion to dismiss on grounds of ERISA preemption overruled)

Such an argument has been described as being "internally inconsistent". *Francis v. United Parcel Service of America, Inc.* 288 F. Supp. 2d 882, 889. (S.D. Ohio 2003) (Defendant's motion to dismiss overruled) That Court went on to state "Put simply, a defendant cannot remove an action on the basis it states a claim under ERISA and then move to dismiss or for summary judgment on the basis that it is preempted by ERISA." *Id.* "Such a result would amount to nothing short of a finding that the claim is dead on arrival in federal court; that the ERISA claim preempts itself." *Id.* The Court said such an outcome would "defy logic" and would be "...a bizarre result, which serves no other purpose than to waste judicial resources..." *Id.*

**2. Declaratory Relief is allowed under ERISA**

A participant or beneficiary of an ERISA plan may bring an action for declaratory relief to establish their rights under the Plan. *Tackett v. M & G Polymers, USA, LLC* 561 Fed.3d 478, 492 (6th Cir. 2009) citing *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 147, 105 S. Ct. 30085, 87 L.Ed.2d 96 (1985) (explaining that there are three distinct remedies available under §502(a)(1)(B): "an action...[1] to recover accrued benefits, [2] to obtain a declaratory judgment that [a participant or beneficiary] is entitled to benefits under the provisions of the plan contracts, and [3] to enjoin the plan administrator from improperly refusing to pay the benefits in the future").

**3. Defendant's Motion to Dismiss is Moot**

Plaintiff has filed an Amended Complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure in response to the Defendant's Motion to Dismiss. An amended complaint supersedes a prior complaint and becomes the operative pleading. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). See also *Johnson v. Labtox, LLC* No. 5:22-019-DCR, 2022 WL 22624879 (E.D. Ky. Mar. 8, 2022) (copy attached) (defendant's motion to dismiss denied as moot).

As a result, the Defendant's motion to dismiss the original Complaint is rendered moot by the filing of the Amended Complaint. See, e.g., *Ky. Press Ass'n, Inc. v. Ky.*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005).

**CONCLUSION**

Plaintiff requests the Court to overrule the Defendant's Motion to Dismiss based upon the arguments and authority stated herein.

Dated this 5th day of June, 2026.

/s/ Daniel E. Moriarty
Daniel E. Moriarty, Bar No. 82214
MORIARTY LAW
300 W. Vine Street, Suite 660
Lexington, KY 40507
danmoriarty@moriartylawoffice.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading as electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing

system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented, in writing, to accept this Notice as service of this document by electronic means:

Iwana Rademaekers
Email: iwana@rademaekerslaw.com

| | |
|---|---|
| June 5, 2026 | /s/Daniel E. Moriarty |
| Date | Daniel E. Moriarty |